In the Matter of William S. TROUTMAN and Tina C. Troutman, Debtors.

MERCANTILE BANK OF ILLINOIS, N.A., Plaintiff,

v.

William S. TROUTMAN and Tina C. Troutman, Defendants.

Bankruptcy No. BK92–41591.
Adv. No. A93–4006.

United States Bankruptcy Court, D. Nebraska.

March 16, 1994.

James L. Haszard, Lincoln, NB, for Mercantile Bank of Illinois, plaintiff.

Vincent M. Powers, Lincoln, NB, for William S. Troutman and Tina C. Troutman, debtors/defendants.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

Before the court is the question of whether the debtors' obligations on two credit cards issued by Mercantile Bank of Illinois ("Mercantile Bank") are dischargeable under § 523(a)(2)(A). I conclude that the debtors' obligations to Mercantile Bank are not excepted from discharge under § 523(a)(2)(A).

## LAW

Section 523(a)(2)(A) of the Bankruptcy Code provides that a debt will not be discharged to the extent it is obtained by "false pretenses, a false representation, or actual fraud...." 11 U.S.C. § 523(a)(2)(A) (1994). There are a number of different theories which have developed with regard to credit card obligations and representations by the cardholder. See *In re Dougherty*, 84 B.R. 653, 655–56 (9th Cir. BAP 1988). Some courts follow the "implied representation" theory, under which it is concluded that when a credit cardholder uses the card, he or she

impliedly represents that he or she has the ability and intends to repay the amount charged. *Id.* Other courts follow the "assumption of the risk" theory under which mere use of the card does not result in any implied representation by the user to the issuer. *Id.*

■ I decline to follow either of the above theories, and instead choose to follow the position taken by the Ninth Circuit in *Dougherty.* Under the *Dougherty* approach, debts incurred through the use of the credit card after revocation has occurred are automatically nondischargeable. *Id.* at 657. However, with respect to charges made before revocation occurs, as in the present case, the party bringing the action under § 523(a)(2)(A) must prove actual fraud on the part of the debtor. *Id.* In other words, the party bringing the action must prove that at the time the debtor made the charges in question, the debtor had no intention of repaying the amounts charged. *Id.* The Ninth Circuit in *Dougherty* also enumerated various factors that should be considered by the court in determining the intent of the cardholder, which factors I will not repeat here. *Id.*

Thus, in order to except the debts in question from discharge under § 523(a)(2)(A), Mercantile Bank must prove that at the time the charges were made, the debtors, Mr. and Mrs. Troutman, had no intention of repaying the amounts charged.

## DISCUSSION

The debtors hold a number of credit cards, on which the aggregate debt on the date of bankruptcy was approximately $13,700.00. Two of the credit cards, a Visa and Mastercard, were issued by the plaintiff, Mercantile Bank.

*Visa Card.*

■ On the date of bankruptcy, the Visa card issued by Mercantile Bank had a balance of approximately $4,319.00. The credit limit on this card was $4,200.00. Thus, the charges were slightly over the credit limit. This bankruptcy case was filed in October of 1992. In September of 1992, the statement on the Visa card shows that over $800.00

worth of charges were made to the credit card. Over half of this amount, $465.00, was related to automotive repairs. The balance of the charges were to WalMart for miscellaneous items. At the time of filing the petition, the debtors had made the minimum monthly payment each month, except for the payment due on October 1, 1992. The Visa card had not been revoked prior to bankruptcy, although debtors had received notice that they were over the credit limit.

In order to bar discharge of the Visa card debt under § 523(a)(2), Mercantile Bank must prove actual fraud by the debtors. Considering the factors enumerated in *Dougherty,* I conclude that there is no evidence the debtors intended to not repay the charges made on their Visa account with Mercantile Bank. The debtors did not file bankruptcy until October of 1992, and there were no extraordinary purchases made on the Visa card in the months preceding bankruptcy. Although the debtors obtained a $2,000.00 advance some months before bankruptcy, there is no evidence whatsoever from which I would conclude that the debtors did not intend to repay the $2,000.00 at the time they took the cash advance.

*Mastercard.*

■ The credit limit on the Mastercard issued by Mercantile Bank was $500.00. The total amount due and owing on the Mastercard at the date of bankruptcy was $440.00. The debtors were thus under the credit limit and the Mastercard had not been revoked. I conclude that there is no evidence of fraud on the part of the debtors and thus the debt on the Mastercard is not excepted from discharge under § 523(a)(2)(A).

The debtors are unsophisticated individuals who work an hourly rate for a wage. Furthermore, it should also be noted that had the debtors intended to defraud creditors, they would have had a huge economic incentive to postpone the filing of the bankruptcy petition until after the birth of their child in December of 1992. Had the debtors waited until December of 1992 to file bankruptcy, they could have sought discharge of the medical expenses incurred in connection with the birth of their child. These expenses were very substantial, totalling approximate-

ly $8,000.00. I conclude the debtors did not intend to defraud Mercantile Bank in regard to the $440.00 due on the Mastercard, and therefore this debt is not excepted from discharge under § 523(a)(2).

In summary, I conclude that the debtors did not incur credit card charges on either the Visa or Mastercard with the intent to defraud Mercantile Bank. Mercantile Bank has failed to meet its burden of providing actual fraud on the part of the debtors. I further conclude that the debtors did not make false representations at the time of the credit card purchases.

IT IS THEREFORE ORDERED, that the obligations of the debtors on the Visa and Mastercard issued to them by Mercantile Bank, which debts are the subject matter of this adversary proceeding, shall not be excepted from discharge under § 523(a)(2).